## IN THE MATTER OF RICHARD J. ZEITLER, AN ATTORNEY AT LAW.

Argued December 2, 1975—Decided January 16, 1976.

*Mr. Anthony B. Vignuolo* argued the cause for the Middlesex County Ethics Committee.

*Mr. Andrew V. Clark* argued the cause for respondent.

PER CURIAM. This is a disciplinary matter involving an attorney admitted to the practice of law in this State in 1966.

Following hearings before the Middlesex County Ethics Committee presentments were filed by the Committee finding respondent guilty of improper and unethical conduct in two separate matters.

In one case respondent undertook to represent a woman whose personal injury case had been marked settled and was dismissed in March 1971. The woman was dissatisfied with the purported settlement and retained respondent to represent her. In April 1971 respondent obtained a substitution of attorney from the woman's original counsel, but apparently did not learn that the case had been dismissed until September 1971. He then filed a motion to restore which was argued on October 22, 1971 and denied by order entered November 3, 1971. However, the client was not informed of that fact until November 1972. In the meantime, the client was notified that the case was coming on for trial and was actually instructed by respondent to be present at the courthouse on three purported trial dates. On each occasion she was told the case would not be reached and was sent home. An interoffice memo in respondent's file, marked in evidence at the hearing, and addressed to one of respondent's office associates, relates to the client's third appearance at the courthouse in November 1971 and contained the following statement:

"Mr. R. J. Z. told the clients to be there. He said to shake hands, walk them around a bit & then tell them that their case will not be reached today & for them to go home."

Shortly after the third appearance the client was finally told that her case had been dismissed in March 1971. These proceedings followed.

The Committee found that respondent falsely and deliberately led the client to believe that her case was on the trial list and caused her to be present at the courthouse on three occasions for the purpose of a trial when, in fact, the case was not on the trial list. The Committee found this to be a violation of DR1–102(A)(4) which prohibits an at-

torney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

The second matter involved respondent's representation of an alien on her application for an extension of her privilege to remain in the United States. The Committee found that on October 14, 1971 respondent knowingly and willfully misrepresented to the Naturalization and Immigration Service that he had commenced an action for divorce on behalf of his client and that she intended to marry a United States citizen. The Committee also found that respondent, in support of these misrepresentations, delivered to the Service a copy of an affidavit of nonmilitary service in the purported divorce suit. There were no divorce proceedings pending at the time. It was shown that the Service would give greater consideration to an application for an extension in a situation where the alien was in the process of obtaining a divorce and intended to marry a United States citizen. The Committee found that these misrepresentations by respondent constituted unethical and unprofessional conduct and were a violation of DR1–102(A)(4) and (5).

We have reviewed the full record and are satisfied that the Committee's findings in both matters are fully supported by clear and convincing evidence. The only remaining consideration is appropriate discipline. Respondent's conduct in both matters was shabby and inexcusable. It reflects on the competency and integrity of the bar. Respondent will be suspended from the practice of law for a period of one year and until the further order of the Court. So ordered.

*For suspension for one year*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is ORDERED that RICHARD J. ZEITLER of Woodbridge, be suspended from the practice of law for one year

and until further order of the Court, effective January 30, 1976; and it is further.

ORDERED that RICHARD J. ZEITLER be and hereby is restrained and enjoined from practicing law during the period of his suspension.