IN THE MATTER OF RICHARD J. ZEITLER, AN
ATTORNEY-AT-LAW.

Decided July 16, 1980.

*Matthew Grayson* for respondent.

*Michael Cohan* for District VII Ethics Committee.

## REPORT OF DISCIPLINARY REVIEW BOARD

### ORDER

The Disciplinary Review Board having filed a report with this Court recommending that RICHARD J. ZEITLER of Edison be suspended from the practice of law for a period of two years from July 16, 1980, and respondent having appeared before this Court on November 18, 1980 in response to an order to show cause why disciplinary sanctions should not be imposed, and the Court having reviewed the record, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that RICHARD J. ZEITLER is suspended from the practice of law for a period of two years and until the further order of this Court, effective July 16, 1980; and it is further

ORDERED that respondent be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey.

This matter is before the Board based on two presentments filed by the Middlesex County Ethics Committee.* These presentments concern themselves with allegations of deceit and misrepresentation on the part of respondent based upon his failure to inform clients of the status of negligence suits instituted by him on their behalf. Upon a review of the full record the Board is satisfied that the conclusions of the Committee as to all matters are fully supported by clear and convincing evidence.

The misconduct which forms the basis of the presentments may be summarized as follows:

I. SPANGLER MATTER

In April 1968 respondent was retained by Mr. and Mrs. John Spangler to represent them and their son in a personal injury claim arising out of injuries suffered by Robert Spangler during a physical education class in one of the Woodbridge Township Public Schools. Respondent agreed to represent Robert Spangler in his personal injury claim and Mr. and Mrs. Spangler in their claim *per quod*. On May 23, 1969 respondent filed a complaint on behalf of the Spanglers, naming the local Board of Education and two teachers as defendants. Because of failure to answer interrogatories the complaint was dismissed on November 24, 1969. Respondent then moved to vacate the dismissal, which motion was denied on January 7, 1970 due to respondent's failure to serve the answers to interrogatories. Respondent finally served the answers to interrogatories on January 22,

---

*Respondent was suspended from the practice of law for a period of one year, effective January 30, 1976. See *In re Zeitler*, 69 *N.J.* 61 (1976). The two presentments now before the Board were filed with the Supreme Court during respondent's period of suspension.

1970. However, he did not serve a motion to restore until October 1970, which motion was shortly thereafter withdrawn without explanation.

Respondent filed a second complaint on behalf of the Spanglers on November 30, 1970. One year later, in October 1971, respondent filed a voluntary dismissal of this complaint, without prejudice.

On October 1, 1971 respondent filed a third complaint on behalf of the Spanglers. Respondent, however, failed to answer interrogatories, failed to produce expert's reports and failed to appear at a pretrial conference. The complaint was ordered dismissed on January 25, 1973. Respondent waited until March 5, 1974 to move to restore the case to the trial calendar. The motion was denied.

Respondent, on May 15, 1974, filed a fourth complaint, this one on behalf of Robert Spangler, now an adult, in his own name. In response to this complaint, the defendant's motion to dismiss with prejudice, based on the history of the litigation, was granted. Respondent took no steps to oppose the motion. The dismissal was reversed on appeal. However, the Appellate Division imposed sanctions against respondent in the amount of $2,906.33 representing counsel fees and disbursements in the four lawsuits.

After the fourth complaint was reinstated to the trial calendar respondent referred the matter to another attorney, without the consent of the Spanglers. The new attorney ultimately settled the case. However, since the per quod claim of Mr. and Mrs. Spangler was not included in the fourth complaint, no recovery was obtained on their claim.

At the hearing before the Ethics Committee, the Spanglers testified that respondent never informed them of the status of the case and never advised them of the dismissal of the various

complaints. They also testified that they had not known that respondent forwarded the case to new counsel and learned of the settlement only because a letter to their son, who was then living on his own, was misdirected to their residence.

## II. TITTERINGTON MATTER

In November 1967 respondent was retained by Marion Titterington to represent her in a personal injury claim against a YMCA where she had been injured and the hospital where she was treated following the accident. In May 1969 respondent filed a complaint in Essex County District Court. In February 1974 the YMCA was granted a motion for summary judgment. Respondent failed to advise his client of this development.

The Titterington claim against the hospital was listed for trial on March 4, 1974. Respondent was advised by court personnel that the case would not be reached for trial on that date, however. Respondent therefore, sent another attorney, who did work on a per diem basis, to answer the calendar call. The attorney arrived at the courthouse and discovered that the case was, in fact, scheduled for trial. The attorney was totally unprepared to try the matter and felt it would be impossible to obtain an adjournment. He, therefore, accepted a settlement of $500.

Respondent advised his client of the settlement and she rejected the offer. On March 24, 1974 respondent asked the District Court Clerk to restore the case to the trial calendar. The Court refused. On April 26, 1974 the hospital obtained an order permitting it to pay the $500 into Court. Respondent did not oppose the defendant's motion nor did he appeal the order. Respondent never advised his client that efforts to restore the suit had failed. Until the date of the hearing of her complaint by the Ethics Committee, October 5, 1976, Marion Titterington believed her suit was still pending. Despite repeated calls to respondent, she was never advised of the status of her case.

## CONCLUSION AND RECOMMENDATION

The Board concurs in the findings of the Committee in the two presentments summarized above. In both, respondent was retained to institute personal injury claims. However, respondent failed to act promptly and competently to protect his clients' interests. In the Spangler matter, respondent's failure to act resulted in a series of dismissals, the barring of the parents' claim due to the statute of limitations and the ultimate transfer of the file to another attorney without the knowledge of the clients. In the Titterington matter, respondent's cavalier attitude toward his client's case resulted in his allowing a totally unprepared attorney to appear in court and accept a settlement figure which had never been communicated to the client and which she later attempted to reject. Respondent's failure to appeal the order directing the settlement money be paid into court resulted in the termination of the suit. In both instances respondent failed to zealously protect the interests of his clients.

Respondent's grossly inadequate and improper handling of these matters was made all the worse by his frequent failure to communicate with his clients and his making misrepresentations to them as to the status of their cases.

Respondent's conduct in these matters was inexcusable and an affront to the legal profession. The public must be protected from attorneys who, either through incompetence or neglect, mishandle legal matters entrusted to them to the detriment of their clients. In considering the nature of the sanction to be imposed, the Board is mindful of respondent's deplorable disciplinary history, but also is aware that he has been under suspension from the practice of law since January 1976. In view of the length of the suspension already served, the Board hereby recommends that respondent be suspended from the practice of law for a period of two years, effective July 16, 1980, the date of his appearance before the Board.

The Board further recommends that respondent be required to reimburse the Administrative Office of the Courts for the costs of transcripts arising out of these disciplinary proceedings.

DISCIPLINARY REVIEW BOARD

DATED: August 27, 1980

By: A. Arthur Davis, 3rd

A. Arthur Davis, 3rd
Chairman